THE STATE OF OHIO, APPELLEE, *v.* ADKINS, APPELLANT. ■

[Cite as State v. Adkins (1973), 40 Ohio App. 2d 473.]

(No. 972—Decided November 7, 1973.)

*Mr. Joseph J. Baronzzi,* prosecuting attorney, for appellee.

*Messrs. Aronson & Fineman,* for appellant.

LYNCH, P. J.   Defendant, appellant herein, is appealing his conviction for the illegal possession and control of a firearm, in violation of R. C. 2923.56 (A).   He was indicted for possessing and controlling a firearm, to-wit: a 410 gauge shotgun, while at the same time having been convicted of a felony of violence and involving moral turpitude, to-wit: assault with a dangerous weapon or instrument.

The record shows that defendant's prior conviction was on an indictment charging that defendant on June 12, 1970, "did assault Joseph R. Bates, Police Officer of the City of East Liverpool, Ohio, with a dangerous instrument, to-wit: an automobile, contrary to Section 2901.241 of the Revised Code of Ohio * * *."

The record further shows that on the evening of July 23, 1972, an East Liverpool police officer observed defendant commit a "hit-skip" accident which resulted in a chase of defendant by various police officers that ended when a police cruiser struck defendant's car broadside.   Defendant's car was turned upside down, and defendant ended up inside his car on his hands and knees on the top of his car with a 410 gauge shotgun a foot to a foot and a half to his right towards the rear of the automobile.   The shotgun was unloaded and no ammunition was found either on defendant or in the automobile.

Defendant's first assignment of error is that the pertinent part of R. C. 2923.56, applicable to this case, is unconstitutionally vague, uncertain and indefinite.

R. C. 2923.56 provides, in part, as follows:

"(A) Except as provided in division (C) of this section, no person shall purchase, own, possess, receive, carry, control, or use any firearm, if such person * * * has been convicted of any felony of violence and involving moral turpitude * * *.

"(D) As used in this section, 'firearm' means any weapon which is designed to eject or propel one or more projectiles by the action of an explosive or combustible propellant, but does not include firearms which are inoperable and cannot be rendered operable."

Division (C) is inapplicable to this case.

We hold that the use of the conjunctive "and" in division (A) of R. C. 2923.56 means that the felony must not only be one of violence but also one involving moral turpitude. *State* v. *Allen*, 30 Ohio Misc. 87.

" 'Moral turpitude' is defined as an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and contrary to the accepted and customary rule of right and duty between man and man." *In Re Bostwick*, 29 Ohio Nisi Prius (N. S.) 21 at page 29.

Defendant points out that R. C. 2923.01, on carrying concealed firearms, specifies the applicable statutes for prior felony convictions as a part of this statute. We agree that if the legislature had similarly acted in its enactment of R. C. 2923.56 (A), it would have been very helpful, but we do not agree that its failure to do so made R. C. 2923.56 (A) unconstitutionally vague, uncertain and indefinite.

The second amendment of the United States Constitution provides, in part, as follows:

"* * * the right of the people to keep and bear arms shall not be infringed."

In *Akron* v. *Williams*, 113 Ohio App. 293, dismissed for want of a debatable constitutional question (172 Ohio St. 287), a city ordinance, which was similar to the provisions of R. C. 2923.56 (A) at issue in this case, was held to be constitutionally valid.

We hold that the following language of R. C. 2923.56 (A) is constitutionally valid:

"* * * no person shall purchase, own, possess, receive, carry, control, or use any firearm, if such person * * * has been convicted of any felony of violence and involving moral turpitude * * *."

We hold defendant's first assignment of error to be without merit.

Defendant's second, third and fourth assignments of error are that the trial court erred in ruling as a matter of law that assault with a dangerous weapon or instrument, to-wit, an automobile, is a felony of violence and

involving moral turpitude and in so instructing the jury in his general charge.

The automobile is not inherently dangerous, but in the hands of a careless or reckless operator, an automobile may become a dangerous instrument. 6A Ohio Jurisprudence 2d 174-175, Automobiles, Section 228.

The evidence established that defendant's prior conviction was in violation of R. C. 2901.241, which provides as follows:

"No person shall assault another with a dangerous weapon or instrument or by other means or force likely to produce death or great bodily harm.

"Whoever violates this section shall be imprisoned in the penitentiary not less than one nor more than five years."

We feel that a conviction of defendant under R. C. 2901.241 implies an intent on the part of the defendant to assault a police officer with an automobile. If such an intent was accomplished, such an assault was likely to produce death or great bodily harm on such police officer.

We hold that a conviction of assault with a dangerous instrument, to-wit, an automobile, under R. C. 2901.-241, is a felony of violence and involving moral turpitude which is included under the provisions of R. C. 2923.56 (A).

We hold that defendant's second, third and fourth assignments of error are without merit.

Defendant's fifth assignment of error is that the trial court erred in overruling defendant's motion for a directed verdict made at the conclusion of all the evidence because the state had presented no evidence that the shotgun was an operable firearm within the definition of R. C. 2923.56 (D).

The 410 gauge shotgun found in the automobile that defendant was driving was introduced into evidence in this case without objection. The gun appeared to be in good operable condition. However, no evidence was introduced by a ballistic's expert that it could be fired. Defendant points out that there were six women on the jury and questions whether people of average intelligence on a jury

can determine beyond a reasonable doubt that this shotgun was operable by simply handling and looking at the shotgun.

We hold that the introduction of a firearm into evidence is probative evidence of its operability under R. C. 2923.56 (D).

The question is whether such evidence, per se, is sufficient evidence to prove the operability of the firearm. Under the circumstances of this case, we hold that the introduction into evidence of the shotgun was sufficient evidence of its operability to be submitted to the jury for decision. Therefore, we overrule defendant's fifth assignment of error.

Defendant's sixth assignment of error is that the judgment of the court is contrary to law and against the weight of the evidence. Defendant specifically raised the question as to whether there was sufficient evidence to prove that he possessed or controlled a firearm. Defendant was driving his mother's automobile, but his mother could not identify the weapon as belonging to any of her family, and it was not in her automobile the last time that she saw her automobile. This shotgun was identified as having been recently stolen in Smiths Ferry, Pennsylvania, which is just outside East Liverpool.

We have reviewed the record in this case and hold that there was sufficient evidence to support both the verdict and judgment in this case. Therefore, we overrule defendant's sixth assignment of error.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.