The State of Ohio, Appellee, *v.* Fischer, Appellant.

(Nos. CA 640 and CA 641—Decided June 8, 1977.)

*Mr. Robert A. Jones,* prosecuting attorney, and *Mr. W. Steven Boller,* for appellee.

*Mr. James N. Perry,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Clermont County; and the transcript of the proceedings, the briefs and the arguments of counsel.

Defendant was charged with two thefts in two separate indictments: the theft of assorted automotive tools and the theft of a pickup truck. These two indictments, though not consolidated, were handled and considered as one in the trial court. Fischer's motions to suppress evidence having been heard and denied, he entered pleas of no contest to both indictments, thus preserving the constitutional question raised in seeking the suppression of evidence. He appeals on two grounds: that the court committed error in holding that the affidavit in support of the search war-

rant was effective, and the court erred in finding him guilty of two thefts because there was, as a matter of law, only one theft, the tools being in the pickup truck at the time it was stolen.

We overrule the first assignment of error, and sustain the second assignment of error.

As to the first assignment, we conclude that the affidavit presented to the magistrate contains sufficient reliable data to meet the constitutional requirements of probable cause under the Fourth Amendment of the United States Constitution, and that the search and seizure of Fischer's station wagon was reasonable. The affidavit sets forth information received by the affiant-officer from a number of sources: from the owner of the pickup truck, that the truck had been taken from his residence without his consent and had in it a number of automotive tools and equipment, including a red box; from other officers of the same police department, that the pickup truck was found in the general vicinity of the owner's residence, abandoned, with the rear bumper having on it some green paint not there before, and that a station wagon similar to Fischer's vehicle was seen leaving the general vicinity; and from an anonymous phone call, that Fischer was attempting to sell automotive tools, some of which bore the name of the owner, and that he would attempt to sell these tools at a service station in the general neighborhood. In addition, the affiant-officer searched out and found the station wagon, stopped it, found that Fischer was driving it without an operator's license, and observed a red tool box in the rear of that vehicle and a damaged front license plate with part of the green paint on the numbers scraped off.

The police took Fischer and his vehicle in custody, cited him for driving without a license, and thereafter obtained the search warrant.

It will be noted that the constitutional requirements of probable cause are fulfilled by the direct testimony of the affiant-officer; he observed both the presence of the red tool box and the absence of a certain amount of green

paint, both plainly in view, when he was entitled to be where he was, doing what he was then authorized to do. Thus, the warrant could have been issued upon his statements alone without the need to rely on the statements from the anonymous phone caller. The first assignment of error is without merit.

As to the second assignment of error, it was error to convict and sentence Fischer on both of the indictments. R. C. 2941.25(A). The initial theft of the pickup truck was also a theft of everything that was in it at that time; therefore, in the terms of the statute, "the same conduct by defendant can be construed to constitute two or more allied offenses of similar import." This defendant can be convicted of only one offense. It is irrelevant that he could not get the pickup truck started and eventually left it in the road, because the theft was complete, under R. C. 2913.02, when he obtained or exerted control over the truck and its contents without the consent of the owner.

The state objects to the assertion of this assignment of error, claiming that Fischer waived any error because he did not object or otherwise call this error to the attention of the trial judge, and that the sentences were concurrent. We disagree. We believe that in enacting R. C. 2941.25(A), the legislature adopted a fundamental precept of the constitutional requirements of fair trial: there shall be no "shotgun" convictions. The conviction for two thefts where there was only one is plain error under Crim. R. 52(B), which may be noticed although it was not brought to the attention of the trial court. Our conclusion is based on the following definition of "plain error" as found in *State* v. *Craft* (1977), 52 Ohio App. 2d 1, at page 7:

"* * * [P]lain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings."

The second assignment of error is well taken.

Having determined that the trial court committed error prejudicial to Fischer in convicting and sentencing him for the theft of the assorted automotive tools, we reverse his conviction of this offense, and dismiss this charge. Concurrently, we affirm the conviction and judgment for the theft of the pickup truck.

*Judgment affirmed in part and reversed in part.*

BETTMAN, P. J., CRAWFORD and BLACK, JJ., concur.

CRAWFORD, J., retired, was assigned to active duty under authority of Section 6(c), Article IV, Constitution.