THE STATE OF OHIO, APPELLEE, *v.*
LOINES, APPELLANT.

(No. 47940—Decided October 29, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Marillyn Fagan Damelio,* for appellant.

JACKSON, P.J. On June 24, 1983, a Cuyahoga County Grand Jury returned a one-count indictment against defendant-appellant Paul Loines. The indictment in its entirety charged that appellant committed aggravated robbery in that he "did, in attempting or committing a theft offense, as defined in R.C. 2913.01, or in fleeing immediately after such attempt or offense upon Bryan Downey, having a deadly weapon or dangerous ordinance [*sic*], to-wit: a gun, on or about their person or under their control." A jury trial was commenced on November 1, 1983. At the close of the trial the court instructed the jury to make two determinations. First, the jury was asked to determine whether or not an aggravated robbery occurred. The appellant concedes that the state offered testimony as to each element necessary for a conviction of aggravated robbery. Second, the jury was asked to determine whether or not a firearm[1] was involved in the commission of the aggravated robbery. This second determination is necessary for purposes of invoking R.C. 2929.71, Ohio's recent felony-firearm statute. Pursuant to R.C. 2929.71, a mandatory three-year term of actual incarceration is imposed in addition to the term imposed for the underlying felony.[2]

The jury returned a verdict of guilty

---

[1] "Firearm" is defined in R.C. 2923.11(B) as follows:

"* * * any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable."

The indictment charges appellant with having a deadly weapon on or about his person or under his control. Proof that a gun is a "deadly weapon" does not constitute proof that it is a "firearm." See *State* v. *Lumpkin* (July 12, 1984), Cuyahoga App. No. 47407, unreported, at 7.

[2] R.C. 2929.71 provides in pertinent part:

"(A) The court shall impose a term of

on the aggravated robbery charge and further found that appellant had a firearm on or about his person or under his control at the time of the commission of the offense.

As soon as the jury was dismissed the court announced that "just to be very safe, and in the interest of justice" it would have the gun taken to the Scientific Investigation Unit of the Cleveland Police Department to make sure that in fact the gun was operable and/or readily made operable. The gun and the shells had been introduced into evidence and the jury had been allowed to examine the gun and shells. The court then sentenced appellant to seven to twenty-five years for the aggravated robbery and an additional three-year term pursuant to the felony-firearm statute. After the sentence was imposed the trial court then stated that it would hold a hearing the following day to determine if the gun was operable and, if the gun was found to be inoperable, the additional three-year term would be vacated.

A hearing was held by the court the following day and a detective from the Scientific Investigation Unit was called as the court's witness. The trial judge and defense counsel questioned the witness. The witness testified that the gun was fully operable from the hammer down position, *i.e.,* the double action mode. The gun was *not* operable from the cocked position, *i.e.,* the single action mode. Upon finding that the gun was operable, the court did not modify the sentence imposed.

Appellant presents six assignments of error for review on appeal.

I

In his first assigned error[3] appellant contends that the trial court erred in finding that appellant had a "firearm" on or about his person or under his control thereby invoking the three-year mandatory provision of R.C. 2929.71.

The indictment charging appellant with aggravated robbery did not contain a specification indicating that the state would invoke the three-year provisions of R.C. 2929.71. Pursuant to R.C. 2929.71(A), the three-year term is imposed if the provisions of *both* sections (A)(1) and (A)(2) apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or pleads guilty to, *a specification charging him with having a firearm on or about his person or under his control while committing the felony.* The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment." (Emphasis added.)

Moreover, R.C. 2929.71(C) provides that:

"*No person shall be sentenced pursuant to division (A) of this section unless the indictment, count in the indictment, or information charging him with the offense contains a specification*

---

actual incarceration of three years in addition to imposing a life sentence pursuant to section 2907.02, 2907.12, or 2929.02 of the Revised Code or an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code;

"(2) The offender is also convicted of, or

pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. The three-year term of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentence or the indefinite term of imprisonment. * * *"

[3] See Appendix for appellant's six assignments of error.

*as set forth in section 2941.141 of the Revised Code."* (Emphasis added.)

Finally, R.C. 2941.141(A) provides that:

*"Imposition of a term of actual incarceration* upon an offender under division (A) of section 2929.71 of the Revised Code for having a firearm on or about his person or under his control while committing a felony *is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender did have a firearm on or about his person or under his control while committing the offense.* A specification to an indictment, count in the indictment, or information charging the offender with having a firearm on or about his person or under his control while committing a felony shall be stated at the end of the body of the indictment, count, or information, and shall be in substantially the following form: * * *"* (Emphasis added).

The indictment informs the defendant of the offense with which he is charged in order that he may prepare for trial. " 'There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. * * * The accusation must charge an offense; it must charge the particular offense for which [the] accused is tried and convicted; *and it must be made in the particular form and mode required by law.* * * *' "* (Emphasis added.) *Stewart* v. *State* (1932), 41 Ohio App. 351, 353-354. See *State* v. *Morris* (1982), 8 Ohio App. 3d 12, 16. In the case at bar, the accusation that the appellant possessed a firearm while in the commission of an aggravated robbery must be made by a specification in the indictment.

If this court were to hold that the specification was not required in the case at bar, it would essentially eliminate the requirement of R.C. 2929.71(C) which states that, "[n]o person shall be sentenced pursuant to division (A) of this section unless the indictment * * * charging him with the offense contains a specification as set forth in * * * the Revised Code." In that event, capital punishment could be sought pursuant to R.C. 2929.03 without a specification; enhanced sentencing for repeat offenders pursuant to R.C. 2929.11(B)(1)(b) and (3)(b) could be sought without a specification; and, enhanced sentencing for repeat offenders pursuant to R.C. 2929.11(B)(6) and (7) could be sought without a specification. This court is persuaded that such a result would be contrary to the express intent of the General Assembly and contrary to constitutional principles. Therefore, we find that the trial court had no authority, under the circumstances herein, to impose the three-year additional sentence. See *State* v. *Lumpkin* (July 12, 1984), Cuyahoga App. No. 47407, unreported.

The appellant asks that this court recognize the error in the indictment as plain error in that appellant failed to raise the issue below. Generally, objections based on defects in the indictment must be raised by a pretrial motion because the failure to do so constitutes waiver. See Crim. R. 12(B)(2); 12(G).[4] The defect in this indictment, however, was not cognizable from its face. A defendant could hardly be required to object to an indictment which fails to contain a sentencing specification that is the prerequisite to an additional, mandatory three-year term.

"[P]lain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively

---

[4] A defendant never waives a defense or objection as to the court's jurisdiction or an objection that the indictment does not charge an offense. Crim. R. 12(B). However, as will be established by this opinion *infra,* the felony-firearm statute does not create a new offense; it is merely a sentence-enhancing provision.

waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings." *State* v. *Craft* (1977), 52 Ohio App. 2d 1, 7 [6 O.O.3d 1]; see *State* v. *Fischer* (1977), 52 Ohio App. 2d 53 [6 O.O.3d 40] (conviction of two thefts where there was only one is plain error). This court is convinced that the sentencing · of appellant pursuant to R.C. 2929.71 without a specification in the indictment as required by the Revised Code constitutes plain error. Assignment of Error No. one is well-taken.

## II

Appellant's second and third assignments of error will be considered together.

In his second assignment of error appellant argues that the trial court erred in not granting his Crim. R. 29 motion for acquittal. The basis of appellant's Crim. R. 29 motion was not that the indictment failed to contain a specification, but that there was no evidence presented as to whether or not the gun was operable.

In his third assignment of error appellant argues that the trial court erred in calling the detective as the court's witness in order to ascertain whether or not the gun was operable.

If the trial court did not err as to the sufficiency of the evidence regarding the operability of the firearm it follows that the court did not commit *prejudicial error* in allowing additional evidence as to the operability of the firearm after the jury was dismissed.

We note initially that *neither* party introduced any direct evidence as to the issue of whether or not the gun was operable. That fact is important in that a loaded gun raises an inference if not a presumption that a gun is operable. *State* v. *Thomas* (June 9, 1977), Cuyahoga App. No. 36574, unreported. A police officer testified that he recovered a loaded gun. Furthermore, the introduction of a gun into evidence is probative evidence of its operability. See *State* v. *Adkins* (1973), 40 Ohio App. 2d 473 [69 O.O.2d 416]. The gun was introduced into evidence here. The jury was allowed to examine the gun and presumably could have found, as the court's witness testified, that the gun was fully operable from the "hammer down" position. Consequently, there was sufficient evidence for a jury to find that the gun was operable.

Since we find that there was sufficient evidence for a jury to find that the gun was operable, the error by the trial court in accepting additional evidence was harmless beyond a reasonable doubt. We do not doubt that the trial court's intentions were sincere in receiving additional evidence that could only have benefitted the appellant. However, the jury, as trier of fact, "is the exclusive judge of all questions of fact." R.C. 2945.11. Since the operability of the firearm was a question of fact, the trial court invaded the province of the jury by making that determination. Appellant's second and third assignments of error are overruled.

## III

In Assignment of Error No. 4, appellant asserts that his conviction of aggravated robbery with the gun specification contravenes the R.C. 2941.25 prohibition against conviction of allied offenses of similar import. The state argues that the multiple counts statute applies to convictions for multiple *offenses* which are separately punishable and not to penalty enhancing factors. We agree. Appellant could not have been convicted of the specification of possessing a firearm independent of the underlying felony of aggravated robbery. R.C. 2929.71 is a sentencing provision; it does not create a separate offense. See *State* v. *Jenkins* (Feb. 24, 1984), Cuyahoga App. No. 45231, af-

firmed (1984), 15 Ohio St. 3d 164. This view is in accord with other jurisdictions which have considered the issue. See, e.g., *In re Culbreth* (1976), 17 Cal. 3d 330, 130 Cal. Rptr. 719, 551 P.2d 23; *State* v. *Cardona* (1981), 102 Idaho 668, 637 P.2d 1164; *State* v. *Gabaldon* (App. 1978), 92 N.M. 230, 585 P.2d 1352, certiorari denied (1978), 92 N.M. 260, 586 P.2d 1089. The rationale is that a felony-firearm statute does not define or create a separate offense, but is merely a sentence-enhancing statute that comes in play after a defendant is convicted of one of the enumerated offenses. Cf. *Wayne County Prosecutor* v. *Recorder's Court Judge* (1979), 406 Mich. 374, 280 N.W. 2d 793 (Michigan's felony-firearm statute, M.S.A. 28-424(2), provides: "A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony * * * *is guilty of a felony,* and shall be imprisoned for 2 years"). (Emphasis added.) Appellant's fourth assignment of error is overruled.

## IV

In his fifth and sixth assignments of error, appellant charges that the trial court erred in finding him guilty of aggravated robbery, and the three-year gun provision and sentencing him on both in violation of the Double Jeopardy Clauses of both the United States Constitution and the Constitution of the state of Ohio.[5] Both assignments will be considered together.

---

[5] Ohio's Double Jeopardy Clause contains a protection similar to the Double Jeopardy Clause of the United States Constitution. *State* v. *Johnson* (1983), 6 Ohio St. 3d 420.

[6] See, *e.g.*, *May* v. *Summer* (C.A. 9, 1980), 622 F.2d 997, 999:
" '* * * The double jeopardy clause does not limit the legislature's power to impose sentences for a given crime. It is uncontested that the California legislature could have created a single offense which provided one

Some courts have found that felony-firearm statutes do not impose multiple penalties but rather impose a single more severe penalty when an offense is committed with a firearm.[6] Appellant, however, was convicted of aggravated robbery, *i.e.,* commission of a theft offense while in possession of a deadly weapon. In effect, appellant was penalized twice for the possession of the firearm. Thus, the fact that the felony-firearm statute is a sentence-enhancing statute does not preclude double jeopardy analysis.

The Double Jeopardy Clause protects a defendant "against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717; *State* v. *Moss* (1982), 69 Ohio St. 2d 515 [23 O.O.3d 447], certiorari denied (1983), 459 U.S. 1200. It is the third of the constitutional guarantees which we address here. In *State* v. *Moss, supra* at 518, the Supreme Court of Ohio stated:

"Where, as here, it is asserted that the state, by levying in one criminal proceeding multiple punishments against a defendant for criminal activity emanating from one transaction, has contravened the defendant's constitutional rights, the courts have held that the proper ambit of appellate review is

sentence for simple robbery, a greater sentence for robbery with a deadly weapon, and a still greater sentence if the deadly weapon were a firearm. California chose to accomplish this result by two statutes instead of one. To strike down the scheme adopted by California in this case would 'operate not as a substantive or penological restriction, but as a literary critique of the legislature.' *Cordova* v. *Romero* [(C.A. 10, 1980), 614 F.2d 1267, 1269], *supra,* quoting, Note, *Twice in Jeopardy,* 75 Yale L.J., 262, 302 (1965)."

limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary. *Albernaz* v. *United States* (1981), 450 U.S. 333; *Whalen* v. *United States* [(1980), 445 U.S. 684], *supra; Brown* v. *Ohio* (1977), 432 U.S. 161."

By its plain terms R.C. 2929.71 (A)(2) empowers a trial court to impose a consecutive sentence of three years prior to the sentence of the underlying felony.

Furthermore, it is clear that the legislature intended that the three-year term would apply to aggravated robbery. R.C. 2929.71 was enacted as part of Ohio's new sentencing scheme. Other provisions increased the minimum terms of incarceration for certain violent offenders and set even higher mandatory prison sentences for certain violent recidivist offenders. The overall effect of the sentencing changes is to enhance penalties over a range of offenses. The legislature has determined that a person who commits a felony with a gun will suffer the consequences by serving an additional three-year term.[7]

The appellant contends that the rule in *Blockburger* v. *United States* (1932), 284 U.S. 299, 304, compels a contrary result:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

The Supreme Court has articulated that the *Blockburger* test is a rule of statutory construction which "should not be .controlling where, for example, there is a clear indication of contrary legislative intent." *Albernaz* v. *United States* (1981), 450 U.S. 333, 340. And, in *Missouri* v. *Hunter* (1983), 459 U.S. 359, 368-369, the Supreme Court stated:

"Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."

Thus, the *Blockburger* test can serve no useful purpose because it is manifest that the legislature intended to permit cumulative sentencing for the commission of aggravated robbery with a firearm. Appellant's fifth and sixth assignments of error are overruled.

Accordingly, we modify the trial court's sentence by vacating the three-year definite term of actual incarceration. As so modified the judgment of the trial court is affirmed.

*Judgment accordingly.*

NAHRA and PRYATEL, JJ., concur.

Appendix

Appellant's assignments of error are as follows:

Assignment of Error No. 1

"The trial court erred in finding that appellant had a 'firearm' on or about his person or under his control thereby in-

---

[7] See Jacobs, Constitutional Consequences of Ohio's New Sentencing Laws (1983), 15 Tol. L. Rev. 71, 90:

"The issue of legislative intent in enhancement statutes is nearly non-existent. Cumulative sentences are surely intended, they are the *raison d'etre* for the enhancement. Looking to the typical guides for legislative intent, the language and history of enhancement statutes resolve any conceivable doubt on this matter." (Footnote omitted.)

voking the three-year mandatory sentencing provision of Ohio Revised Code § 2929.71 where appellant was not properly informed of the charge against him in violation of his Fifth, Sixth and Fourteenth Amendment rights."

### Assignment of Error No. 2

"The trial court committed reversible error in overruling appellant's motion for a judgment of acquittal regarding the specification of having a 'firearm' which violated his Fifth and Fourteenth Amendment rights to the United States Constitution."

### Assignment of Error No. 3

"The trial court erred and abused its discretion to the extreme prejudice of appellant in reopening the case and in receiving testimony on a material element of a gun specification after the verdict and after sentencing, which deprived appellant of a fair trial and due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution."

### Assignment of Error No. 4

"The trial court erred in convicting and sentencing appellant under Ohio Revised Code § 2929.71 in violation of Ohio Revised Code § 2941.25."

### Assignment of Error No. 5

"The trial court erred in finding appellant guilty of aggravated robbery, Ohio Revised Code § 2911.01(A)(1), and the three-year gun provision, Ohio Revised Code § 2929.71, and sentencing him on both in violation of the Double Jeopardy Clause of the Fifth and Fourteenth Amendments of the United States Constitution."

### Assignment of Error No. 6

"The trial court erred in finding appellant guilty of aggravated robbery, Ohio Revised Code § 2911.01(A)(1) and the three-year gun provision, Ohio

Revised Code § 2929.71, and sentencing him on both is in violation of the Double Jeopardy Clause of Section 10, Article I of the Ohio Constitution."