### State v. Long
*[Cite as 7 AOA 246]*

*Case No. 89 CA 78*
*Mahoning County, (7th)*
*Decided September 18, 1990*

*APPEARANCES:*
*James A. Philomena, Prosecuting Attorney, Kathi L. McNabb Welsh, Assistant Prosecuting Attorney, Mahoning County Courthouse, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*David J. Betras, 1001 Mahoning Bank Building, Youngstown, Ohio 44503, for Defendant-Appellant.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio, from a judg-

ment upon a jury verdict finding defendant-appellant, Jeffrey L. Long, guilty of two counts of receiving stolen property, violations of R.C. 2913.51(A) (B).

During the late hours of October 28, 1988, a security guard at the Colonial House Restaurant, located in Youngstown, Ohio, witnessed an automobile being stolen from the parking lot. The security officer contacted the Youngstown police department which issued a description of the vehicle and the suspect.

Shortly after the dispatch, Officer Tom Parry of the Youngstown police department observed the stolen vehicle in the possession of the appellant. Upon noticing the police, appellant proceeded to flee. Appellant was caught and placed under arrest for receiving stolen property.

Upon being transported to the city jail, appellant was processed by Officer George Bayer. Officer Bayer testified that appellant was wearing a jogging jacket and that when appellant emptied his pockets he removed a cassette Officer Bayer testified that the tape contained the name of "A. P. O'Horo and that it was an industrial safety tape." Officer Bayer asked appellant if he was employed by A P. O'Horo and appellant responded in the negative

At trial, Daniel O'Horo, president of the A. P. O'Horo Mining Company, testified that he was the authorized user of the vehicle in question, as well as the cassette tape. O'Horo testified that while at the Colonial House on the night in question his car was stolen and that he had not given authority to appellant to be in possession of his property.

Appellant was indicted for the offenses which occurred on October 29, 1988. In count one of the indictment, appellant was charged with receiving stolen property based on his possession of the motor vehicle. This offense is a felony of the third degree and contained a prior conviction specification. The second count of the indictment charged that appellant committed an additional act of receiving stolen property for possession of a cassette tape. This particular count included the additional element that appellant had been previously convicted of a theft offense. The trial court denied appellant's motion to have the receiving stolen property counts merged pursuant to R.C. 2941.24. Appellant was sentenced to an indeterminate term of not less than four nor more than ten years on the first count and an indeterminate term of not less than three nor more than five years on the second count of

receiving stolen property. These sentences were ordered to run concurrently.

Appellant's sole assignment of error states:

"The trial court erred in overruling the appellant's motion to merge the counts indictment into a single count."

R.C. 2941.25 provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Under this assignment of error, appellant argues that:

"In the case at bar the Appellant is charged with two counts of receiving stolen property. One count concerned an automobile, the other count concerned a cassette tape found on the Appellant. This tape was from the automobile. The evidence was that each item was discovered within minutes of the other. The Appellant was observed in the stolen automobile and within minutes the tape was found on his person."

We find that appellant's assignment of error has merit for the following reasons.

In the case of *State v. Fischer* (1977), 52 Ohio App. 2d 53, the court stated:

"2. The act of stealing a motor vehicle containing personal property constitutes one offense and a defendant may not be additionally convicted of stealing the personalty."

At page 55, the *Fischer* court explained:

"As to the second assignment of error, it was error to convict and sentence Fischer on both of the indictments. R.C. 2941.25(A). The initial theft of the pickup truck was also a theft of everything that was in it at that time; therefore, in the terms of the statute, 'the same conduct by defendant can be construed to constitute two or more allied offenses of similar import.' This defendant can be convicted of only one offense. It is irrelevant that he could not get the pickup truck started and eventually left it in the road, because the theft was complete, under R.C. 2913.02, when he obtained or exerted control

over the truck and its contents without the consent of the owner."

In the instant case, appellant was indicted for receiving a stolen automobile. Similarly, the defendant in the *Fischer* case was charged with theft of a motor vehicle. Here, the appellant was charged with receiving stolen items that were in the automobile as well as the automobile itself. Similarly in the *Fischer* case, the defendant was charged with theft of personal property from the motor vehicle. The court in *Fischer* stated that the defendant may only be made to answer for one offense.

In the case of *State v. Wilson* (1985), 21 Ohio App. 3d 171, the court stated at page 172:

"Wilson argues that the three counts of receiving stolen property should have been merged into a single count. This issue was considered by this court in *State v. Austin* (Feb. 16, 1984), Summit App. No. 11298, unreported. In that case, this court ruled that a defendant's conviction on two separate counts of receiving stolen property under R.C. 2913.51 should have been merged, stating at 3-4:

"'*** If [the defendant] received, retained or disposed of all the items of property at one time in a single transaction or occurrance [sic], both counts are allied offenses of similar import and should have been merged for sentencing purposes. ***.'"

Although the property in *Wilson* was disposed of at one time, the property in the case at bar was never disposed of but was allegedly received at the same time.

Appellee state cites *State v. Mitchell* (1983), 6 Ohio St. 3d 416, in support of its argument for affirmance. *Mitchell* is distinguishable from the instant case. In *Mitchell*, the crimes involve aggravated burglary and theft. The court pointed out that the elements in those two crimes were different. That court explained why at page 419:

"*** [T]he main factor delineating the various species of breaking and entering is the relative risk of harm to persons. Aggravated burglary is classified as the most serious of these offenses precisely because it carries the greatest potential threat that an individual might be harmed. Unlike the offense of theft, it involves inflicting or attempting or threatening to inflict harm on another, the use of a deadly weapon or dangerous ordnance, or the intrusion into a permanent or temporary habitation of a person at a time in which any person is present or likely to be present." Thus, *Mitchell* is distinguishable from the instant case.

Appellee state further argues that the two counts of the indictment are not alike because the second count contained a prior conviction element. We find this fact does not change the fact situation to create a different animus to each offense.

For the foregoing reasons we sustain appellant's assignment of error for the reason that the trial court erred in not merging the two counts of receiving stolen property for purposes of sentencing. We note that the trial court sentenced appellant to two concurrent terms on the two counts of receiving stolen property. Therefore, our holding today will have little effect on his term of incarceration.

Having determined that the trial court erred prejudicial to appellant for sentencing him on the charge of receiving stolen property, to wit: the cassette tape, we reverse the sentence on this offense; we affirm the judgment of the trial court in sentencing him on the conviction of receiving stolen property, to wit: the automobile.

*Judgment affirmed in part and reversed in part.*

O'NEILL, P.J., and COX, J., concur.