In regard to the majority's refusal to apply plain error to Martin's double jeopardy argument, I must respectfully dissent.
The Double Jeopardy Clause of the United States Constitution protects criminal defendants from multiple punishments for the same offense. State v. Johnson (1983), 6 Ohio St.3d 420, 421, reversed on other grounds (1984) 467 U.S. 493, 81 L.Ed.2d 425. R.C. 2941.25 further implements this protection. Id. at 422. R.C.2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In applying R.C. 2941.25, the Supreme Court of Ohio has stated:
 Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus. Additionally, the double jeopardy protections that are embodied in R.C. 2941.25 "generally forbid[ ] cumulative punishments for both a greater and lesser included offense."Johnson, supra, at 422, citing Brown v. Ohio (1977),432 U.S. 161, 164-166, 53 L.Ed.2d 187, 193-195. A crime is a lesser included offense of another crime when:
 (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.
State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
In this case, Martin was convicted of murder, involuntary manslaughter, and felonious assault. The Supreme Court of Ohio has held that murder and involuntary manslaughter are allied offenses of similar import, Johnson, supra, at 424, and that involuntary manslaughter is a lesser included offense of murder,State v. Thomas (1988), 40 Ohio St.3d 213, 215. As such, murder and involuntary manslaughter are the same offense for double jeopardy purposes. See Johnson, supra. Additionally, it is clear that felonious assault under R.C. 2903.11(A)(1) (knowingly causing serious physical harm to another) is a lesser included offense of murder. State v. Johnson (Feb. 18, 1988), Franklin App. No. 86AP-868, unreported; State v. Doss (Feb. 1, 1990), Cuyahoga App. No. 56569, unreported. As such, murder and felonious assault are also the same offense for double jeopardy purposes.
Because all of Martin's convictions were for same offense, Martin could only be convicted of all three offenses if they were all committed separately or if there were a separate animus for each crime. See R.C. 2941.25(B). The facts in this case do not support such a finding. Therefore, Martin's double jeopardy rights were violated by his multiple convictions.
However, the majority avoids this analysis by noting that Martin failed to object to his sentences. The majority asserts that because Martin's sentences were to run concurrently, there was no prejudice sufficient to create plain error. On this point I must respectfully disagree.
The issue of whether it is plain error for a trial court to impose concurrent sentences for the same offense has not been clearly resolved by Ohio appellate courts. Two districts have held that there is no plain error in these circumstances. SeeState v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported (Eighth Appellate District); State v. New (Jan. 24, 1992), Lake App. No. 90-L-15-112, unreported (Eleventh Appellate District). Additionally, the Fifth District has said that no prejudice arises from these circumstances. State v. Miller (Dec. 5, 1990), Holmes App. No. CA-427, unreported (applying the concept of harmless error). However, three appellate districts have concluded that this does constitute plain error. See State v.Fields (1994), 97 Ohio App.3d 337, 347 (First Appellate District);State v. Fischer (1977), 52 Ohio App.2d 53, 55 (Twelfth Appellate District); State v. Jones (Oct. 22, 1998), Franklin App. No. 98AP-129, unreported (Tenth Appellate District).
This Court in particular has addressed the issue inconsistently. Although this Court has recently held that there is no plain error under these circumstances, State v. Blondheim
(May 27, 1998), Summit App. No. 18594, unreported, that case failed to address a prior holding to the contrary in State v.Austin (Feb. 16, 1984), Summit App. No. 11298, unreported.
The Second District Court of Appeals has also been inconsistent in its approach to this issue. In State v. Burch
(Sept. 29, 1995), Montgomery App. No. 14488, unreported, the Second District found that there was no plain error under these circumstances. Nevertheless, in State v. Puckett (Mar. 27, 1998), Greene App. No. 97 CA 43, unreported, the Second District vacated a sentence that was set to run concurrently with another sentence of equal length, noting that a conviction based on an allied offense of similar import was plain error.
This issue is also not clearly settled in the Eleventh District. New was authored by Judge Baird of this Court, who was sitting by assignment. Judge Baird authored Blondheim for this Court and dissented in the Austin decision. Judge Mahoney, also of this Court and also sitting by assignment, concurred in judgment only in New. The only judge from the Eleventh District who actually participated in the New decision, Presiding Judge Nader, dissented from the opinion. In his dissent, Judge Nader did not directly address this issue, however, he did proceed to address the prosecution's substantive arguments concerning the propriety of the defendant's sentence. It has yet to be determined whether the Eleventh District will actually apply New under these circumstances.
Although the authority on this issue is evenly split, I believe the better reasoning supports a finding of plain error under these circumstances. "In plain error analysis, the court determines prejudice by asking whether the error created a manifest injustice or seriously affected the `"fairness, integrity or public reputation of [the] judicial proceedings."'" (Alterations in original.) Fields, supra, at 344, quoting UnitedStates v. Olano (1993), 507 U.S. 725, 736, 123 L.Ed.2d 508, 521, quoting United States v. Atkinson (1936), 297 U.S. 157, 160,80 L.Ed. 555, 557. Applying this standard, the Fields court concluded that it was prejudicial to have a criminal record that reveals convictions for two felonies when the defendant has really only committed one criminal act. Fields, supra, at 348. In a similar vein, the Supreme Court of Ohio has concluded that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." State v. Golston (1994), 71 Ohio St.3d 224, syllabus. The Golston court reasoned that, "[g]iven the numerous adverse collateral consequences imposed upon convicted felons, it is clear to us that a person convicted of a felony has a substantial stake in the judgment of conviction." Id. at 227. Similarly, the Supreme Court of Ohio has held that the estate of a deceased defendant has a right to continue the defendant's appeal in order to challenge the defendant's conviction. State v. McGettrick
(1987), 31 Ohio St.3d 138, 140. As such, regardless of whether the sentences are made to run concurrently, a defendant has a substantial stake in each and every one of his convictions. Therefore, I would find that it clearly constitutes plain error for a court to convict a defendant several times over for a single criminal act.