THE STATE OF OHIO, APPELLEE, *v.* HAWKINS, APPELLANT.

(No. 50249 — Decided March 10, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Patricia Cleary,* for appellee.

*Cassidy, Mottl & Celebrezze* and *Kevin P. Weiler,* for appellant Donotha Hawkins.

MARKUS, P.J. The defendant appeals from the denial of his motion to dismiss the indictment charging him with grand theft and a penalty-enhancing specification. He claims that the specification subjects him to double jeopardy because it alleges that he was previously convicted of an offense of violence.

The ruling which the defendant challenges here is not a final appealable order. R.C. 2953.02; cf. *Middletown* v. *Jackson* (1983), 8 Ohio App. 3d 431, 8 OBR 556, 457 N.E. 2d 898. This is not a case in which the defendant claims that he was previously in jeopardy and the state improperly threatens to try him again. See *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400

N.E. 2d 897, certiorari denied (1980), 449 U.S. 852. A defendant cannot transform every interlocutory ruling which considers double jeopardy issues into a final appealable order.

An otherwise interlocutory order can be appealed if it potentially subjects the defendant to a constitutionally prohibited retrial. In this case, the defendant suggests no reason why he should not stand trial on the grand theft charge. If he is convicted for that offense, his right of appeal adequately protects him against a constitutionally improper sentence.

Therefore, we dismiss this appeal for lack of jurisdiction.[1]

*Appeal dismissed.*

PATTON and KRUPANSKY, JJ., concur.

---

[1] If we had jurisdiction, we would reject defendant's claim that R.C. 2929.11(D) subjects him to a penalty which violates the constitutional prohibition against double jeopardy. *State* v. *Butcher* (Oct. 31, 1985), Cuyahoga App. No. 49704, unreported; cf. *State* v. *Loines* (1984), 20 Ohio App. 3d 69, 20 OBR 88, 484 N.E. 2d 727 (R.C. 2929.71 does not violate double jeopardy by penalty enhancement for using a firearm in aggravated robbery); *State* v. *Hughley* (1984), 20 Ohio App. 3d 77, 20 OBR 97, 484 N.E. 2d 758 (same).