[Cite as *State v. Jenkins*, 2015-Ohio-4583.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102462

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# MICHAEL JENKINS

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-585521-B

**BEFORE:** Stewart, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 5, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEY   FOR APPELLEE**

Patrick S. Lavelle
Van Sweringen Arcade, Suite 250
123 West Prospect Street
Cleveland, OH 44115

MELODY J. STEWART, J.:

**{¶1}** A jury found defendant-appellee Michael Jenkins guilty of rape, complicity to commit rape, and kidnapping. Although the offenses occurred in 1994 (at a time when the sentencing law provided for indefinite sentencing), the court imposed definite sentences under the current sentencing regime, Am.H.B. No. 86, effective September 30, 2011. The court imposed a sentence consistent with a line of decisions from this court holding that R.C. 1.58(B) allowed defendants like Jenkins, whose crimes were committed before the effective date of H.B. 86, to be sentenced under that statute's sentencing provisions because the penalties for rape under H.B. 86 had been reduced from those penalties in effect at the time he committed his crimes (in 1994, the maximum penalty for rape was up to 25 years; under H.B. 86, the maximum penalty is 11 years). *See State v. Jackson*, 8th Dist. Cuyahoga No. 100877, 2014-Ohio-5137; *State v. Girts*, 8th Dist. Cuyahoga No. 101075, 2014-Ohio-5545; *State v. Steele*, 8th Dist. Cuyahoga Nos. 101139 and 101140, 2014-Ohio-5431.

**{¶2}** The state of Ohio appeals, arguing that the court erred by ordering a definite term of incarceration because Jenkins should have been subject to a indefinite sentence under the sentencing law as it existed at the time Jenkins committed his offenses. The state candidly acknowledges that it is arguing contrary to controlling authority from this appellate district and that it offers this assignment of error solely to preserve further appellate review. On that basis, we summarily overrule the state's assignment of error. *See State v. Hill*, 8th Dist. Cuyahoga No. 101633, 2015-Ohio-2389, ¶ 13; *State v. Bryan*,

8th Dist. Cuyahoga No. 101209, 2015-Ohio-1635, ¶ 5; *State v. Irby*, 8th Dist. Cuyahoga No. 102263, 2015-Ohio-2705, ¶ 5.

**{¶3}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR