SEAN C. GALLAGHER, J., CONCURRING:
 

 {¶ 47} This case has a tortured procedural history that bears noting if only to prevent this issue from arising again. Jenkins failed to timely perfect an appeal as a matter of right under App.R. 4(A) following his conviction. Generally speaking, a defendant in a criminal case may file a motion for a delayed appeal in that situation. App.R. 5(A).
 

 {¶ 48} In this case, however, it was the state that timely perfected an appeal on a question of law concerning the sentence imposed. In
 
 State v. Jenkins
 
 , 8th Dist. Cuyahoga No. 102462,
 
 2015-Ohio-4583
 
 ,
 
 2015 WL 6796810
 
 , the appellate panel rejected the state's claim and affirmed the conviction and the sentence imposed. Under App.R. 3(C)(1), any appellee intending to change the judgment or order timely appealed must file a cross-appeal, which is the alternate method of obtaining an appeal as of right. App.R. 3(C). The cross-appeal is mandatory in those situations. Further, there is no exception to the ten-day deadline for the cross-appeal set forth in App.R. 4(B). App.R. 5(A), which authorizes a criminal defendant to file a delayed appeal in certain situations, expressly applies to appeals arising under App.R. 4(A). Had the drafters intended to create a right to file a delayed cross-appeal, that could have been achieved by expanding App.R. 5(A) to extend the deadline under App.R. 4(B).
 

 {¶ 49} Jenkins's failure to file the cross-appeal precludes him from seeking a delayed cross-appeal to change the judgment of conviction. Jenkins's remedy was to file a motion to reopen his earlier appeal based on the ineffective assistance of appellate counsel who failed to preserve Jenkins's rights. App.R. 5(A) cannot be used to obtain a second appeal as of right.
 
 Rocky River v. Garnek
 
 , 8th Dist. Cuyahoga No. 99072,
 
 2013-Ohio-1565
 
 ,
 
 2013 WL 1697494
 
 , ¶ 15.
 

 {¶ 50} Having said that, in order to invoke this court's jurisdiction under App.R. 5(A), a defendant must concurrently file an appeal along with a motion for delayed
 appeal.
 
 State v. Parks
 
 , 8th Dist. Cuyahoga No. 65464,
 
 1994 WL 197235
 
 , 1 (May 19, 1994) ;
 
 but see
 

 State v. Ronny
 
 , 8th Dist. Cuyahoga No. 102968,
 
 2016-Ohio-3448
 
 ,
 
 2016 WL 3346546
 
 , ¶ 19 (appellate court may invoke its own jurisdiction over an untimely appeal by sua sponte granting a delayed appeal). Jenkins has done so in this case and thereby invoked our jurisdiction. Although a defendant must generally set forth the reason for failing to perfect an appeal as a matter of right, our resolution of the properly filed motion falls under this court's discretionary powers.
 
 State v. Adams
 
 , 9th Dist. Lorain No. 14CA010709,
 
 2016-Ohio-336
 
 ,
 
 2016 WL 515433
 
 , ¶ 4 ;
 
 see, e.g.,
 

 State v. Williams
 
 , 8th Dist. Cuyahoga No. 105025,
 
 2017-Ohio-2662
 
 ,
 
 2017 WL 1743001
 
 .
 

 {¶ 51} In this case, the state has not opposed Jenkins's motion for a delayed appeal, and accordingly, it has forfeited any arguments addressing the merits of that motion. Because we have jurisdiction over the matter and the state has not objected to the exercise of our discretion, there are no jurisdictional impediments to addressing the substantive matters at hand.
 

 {¶ 52} On that point, I acknowledge that
 
 State v. Dickerson,
 
 8th Dist. Cuyahoga No. 102461,
 
 2017-Ohio-177
 
 ,
 
 2017 WL 241983
 
 ("
 
 Dickerson II
 
 "), constrains our analysis; however, I agree with the rationale expressed by the dissent. As the defendant in
 
 Dickerson
 
 failed to demonstrate, Jenkins, too, is unable to articulate how the missing witness's testimony would have minimized or eliminated the impact of the state's case. Nonetheless,
 
 Dickerson II
 
 is controlling authority, and therefore, I reluctantly concur with the judgment.