[Cite as *State v. Jenkins*, 2019-Ohio-2735.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                               No. 107409

    v.                              :

MICHAEL J. JENKINS,                     :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 3, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-585521-B

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Michael Jenkins ("appellant"), brings the instant appeal challenging the trial court's judgment denying his motion to dismiss based on preindictment delay. Specifically, appellant argues that he was prejudiced by the

20-year delay in prosecution, and that the trial court failed to follow this court's "directive" in *State v. Jenkins*, 2018-Ohio-483, 106 N.E.3d 216 (8th Dist.) (hereinafter "*Jenkins II*"). After a thorough review of the record and law, this court dismisses the appeal.

## I. Factual and Procedural History

{¶ 2} The instant appeal arose from an incident that occurred on July 2, 1994, involving appellant, his codefendant Oscar Dickerson, Jerry Polivka, and the victim in this case, J.R. As the victim was walking home during the early morning hours, she was approached by appellant, Dickerson, and Polivka in a vehicle. Polivka was driving the vehicle, and appellant and Dickerson were his passengers. The men offered the victim a ride home. The victim got inside the vehicle, although it was disputed whether the victim agreed to get into the vehicle or was forced inside, and the group went to a hotel. The victim alleged that appellant and Dickerson raped her inside the hotel room.

{¶ 3} On May 15, 2014, in Cuyahoga C.P. No. CR-14-585521-B,[1] appellant was charged in a five-count indictment with: (1)-(2) rape, first-degree felony violations of R.C. 2907.02(A)(2); (3)-(4) complicity, violations of R.C. 2923.03(A)(2); and (5) kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4). Appellant was arraigned on June 4, 2014. He pled not guilty to the indictment.

---

[1] Dickerson was indicted in Cuyahoga C.P. No. CR-14-585521-A.

{¶ 4} A jury trial commenced on November 12, 2014. The jury returned its verdict on November 18, 2014. The jury found appellant not guilty on Counts 1 and 3, and guilty on Counts 2, 4, and 5.

{¶ 5} The trial court held a sentencing hearing on December 29, 2014. The trial court sentenced appellant to a prison term of eight years.[2] The trial court declared appellant a sexually oriented offender and reviewed appellant's registration and verification requirements.

{¶ 6} On January 7, 2015, the state filed an appeal challenging the trial court's sentence. *State v. Jenkins*, 8th Dist. Cuyahoga No. 102462, 2015-Ohio-4583 ("*Jenkins I*"). The state argued that the trial court erred by imposing a definite prison term, rather than an indefinite prison sentence pursuant to the sentencing laws that were in effect at the time appellant committed the offenses. On November 5, 2015, this court affirmed appellant's sentence.

{¶ 7} Unlike appellant, Dickerson filed a pretrial motion to dismiss based on preindictment delay on November 5, 2014. The trial court denied Dickerson's motion as untimely. Dickerson was convicted of rape, complicity, and kidnapping. The trial court sentenced Dickerson to an aggregate five-year prison term.

{¶ 8} When the state filed an appeal challenging the trial court's imposition of a definite prison sentence, Dickerson filed a cross-appeal in March 2016 challenging his convictions. *State v. Dickerson*, 2016-Ohio-807, 60 N.E.3d 699 (8th

---

[2] The trial court ordered appellant's eight-year prison sentence to run concurrently with his eight-month sentence for drug possession in Cuyahoga C.P. No. CR-14-587645-B.

Dist.) (hereinafter "*Dickerson I*"). In his cross-appeal, Dickerson argued, in relevant part, that the trial court erred in denying his motion to dismiss based on preindictment delay, and that his trial counsel was ineffective for failing to file the motion to dismiss in a timely manner. *Id.* at ¶ 4. On appeal, this court concluded that Dickerson's trial counsel was ineffective for failing to file a timely motion to dismiss based on preindictment delay. Accordingly, this court vacated Dickerson's convictions and remanded the matter to the trial court "to vacate [Dickerson's] conviction[s]." *Id.* at ¶ 54-55. The state filed an appeal in the Ohio Supreme Court challenging this court's judgment in *Dickerson I*, and the court declined to accept the state's appeal. *State v. Dickerson*, 146 Ohio St.3d 1428, 2016-Ohio-4606, 52 N.E.3d 1203.

{¶ 9} On July 27, 2016, the Ohio Supreme Court issued its decision in *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688. In *Jones*, the court addressed the issue of preindictment delay and established a burden-shifting framework for analyzing due process claims. *Id.* at ¶ 13.

{¶ 10} After the Ohio Supreme Court issued its decision in *Jones*, the state filed a motion for reconsideration in the Ohio Supreme Court. The Ohio Supreme Court granted the state's motion for reconsideration, vacated this court's judgment in *Dickerson I*, and remanded the matter to this court with instructions to apply the *Jones* rationale. *State v. Dickerson*, 146 Ohio St.3d 1493, 2016-Ohio-5585, 57 N.E.3d 1172.

{¶ 11} On remand from the Ohio Supreme Court, this court applied the burden-shifting analysis established in *Jones* and concluded, again, that Dickerson's trial counsel was ineffective for failing to file a timely motion to dismiss based on preindictment delay. *State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2017-Ohio-177, ¶ 64 (hereinafter "*Dickerson II*"). Unlike this court's judgment in *Dickerson I*, which remanded the case to the trial court with instructions to *vacate* Dickerson's convictions, the panel in *Dickerson II reversed* Dickerson's convictions. *Dickerson II* at *id.* The state filed an appeal challenging the decision in *Dickerson II*, and the Ohio Supreme Court declined to accept the state's appeal on October 11, 2017.

{¶ 12} On December 2, 2016, appellant filed a delayed appeal arguing, in relevant part, that the trial court erred in failing to dismiss the case based on preindictment delay, and that his trial counsel was ineffective for failing to file a motion to dismiss based on preindictment delay. *Jenkins II*, 2018-Ohio-483, 106 N.E.3d 216, ¶ 1. This court acknowledged that appellant's appeal was "identical" to the appeal filed by Dickerson in March 2016. *Id.* This court concluded that appellant's counsel was ineffective for failing to file a motion to dismiss based on preindictment delay. *Id.* at ¶ 45. Accordingly, this court reversed appellant's convictions and remanded the matter to the trial court "for further proceedings consistent with this opinion." *Id.* at ¶ 46.

{¶ 13} This court's decision in *Jenkins II* was issued on February 8, 2018. On February 16, 2018, appellant filed a motion to dismiss based on preindictment delay.

Therein, appellant argued that he was prejudiced by the delay in prosecution because Polivka died and was no longer available as a witness and that the delay in prosecution was not justified.

{¶ 14} The trial court held two hearings on the issue of preindictment delay. The trial court held the first hearing on February 22, 2018, to address the issue of whether appellant was actually prejudiced by the delay in prosecution. The trial court held a second hearing on May 3, 2018, to address the issue of whether the delay in prosecution was justifiable.

{¶ 15} On June 4, 2018, the trial court issued a judgment entry denying appellant's motion to dismiss. The trial court concluded that (1) appellant failed to demonstrate that Polivka became unavailable as a witness due to the delay in prosecution, and (2) appellant failed to demonstrate that his ability to defend against the charges was prejudiced as a result of Polivka's unavailability. The trial court did not address the issue of whether the delay in prosecution was justified.

{¶ 16} On July 3, 2018, appellant filed the instant appeal challenging the trial court's judgment denying his motion to dismiss.[3] Appellant assigns one error for review:

> I. The trial court erred, and thereby, violated [appellant's] right to due process when it failed to dismiss this case for prejudicial [preindictment] delay.

---

[3] Dickerson filed a companion appeal on July 5, 2018, challenging the trial court's judgment denying his motion to dismiss based on preindictment delay. *State v. Dickerson*, 8th Dist. Cuyahoga No. 107419.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 17} As an initial matter, we must address whether the trial court's judgment denying appellant's motion to dismiss is a final appealable order such that this court has jurisdiction to consider the merits of the appeal. This court issued a sua sponte order on April 22, 2019, directing the parties to brief the final appealable order issue, based on the general rule that a trial court's denial of a defendant's motion to dismiss an indictment is an interlocutory order that is not immediately appealable.[4]

{¶ 18} Pursuant to this court's order, appellant filed a supplemental brief on April 30, 2019. Therein, appellant appears to argue that the trial court's judgment is a final appealable order because the trial court exceeded the scope of the remand from *Jenkins II* and *Dickerson II* by holding a hearing on the issue of preindictment delay, and that the trial court violated the law-of-the-case doctrine in concluding that appellant and Dickerson failed to demonstrate prejudicial preindictment delay.

{¶ 19} The state filed a supplemental brief on May 1, 2019. Therein, the state argues that appellant and Dickerson will not be deprived of a meaningful or effective remedy without an immediate interlocutory appeal. The state contends that appellant and Dickerson can raise the issue of prejudicial preindictment delay on

---

[4] *See Polikoff v. Adam*, 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993); *State v. Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, ¶ 10.

appeal, following final judgment in the trial court, in the event that they are convicted at trial. After reviewing the record, we agree with the state.

{¶ 20} "A criminal defendant has the right to appeal from a trial court's final orders." *State v. Davidson*, 17 Ohio St.3d 132, 134, 477 N.E.2d 1141 (1985).

> R.C. 2505.02 provides that "an order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis [deleted].)

*State v. Matthews*, 81 Ohio St.3d 375, 376-377, 691 N.E.2d 1041 (1998), quoting R.C. 2505.02(B).

> It is well established that the common pleas court's denial of a motion to dismiss an indictment is an interlocutory order that is not immediately appealable. *See State v. Crawley*, 96 Ohio App.3d 149, 155-156, 644 N.E.2d 724 (12th Dist.1994); *State v. Hawkins*, 30 Ohio App.3d 259, 507 N.E.2d 425 (8th Dist.1986); *State v. Loshin*, 34 Ohio App.3d 62, 68, 517 N.E.2d 229 (1st Dist.1986); *State v. Eberhardt*, 56 Ohio App.2d 193, 381 N.E.2d 1357 (8th Dist.1978) (denial of defendant's motion to dismiss the indictment was not a final order until the trial court issued nolle prosequi, thereby "commit[ting] the appellant to the uncertainty of possible reindictment and trial.").

*Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, at ¶ 10.

{¶ 21} In *Eberhardt*, this court explained:

> "Generally speaking, the overruling of a motion to dismiss in a criminal or a civil case is not considered a final appealable order. *State v. Lile*, 42 Ohio App.2d 89, 330 N.E.2d 452 [(1974]) * * *. Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal. * * *.

> The foregoing is consistent with the general rule in Ohio that there should be one trial and one appeal. The general rules recited above do not mean, however, that these orders are not final appealable orders as a matter of law. There are unusual instances when orders[,] which standing alone are not considered final appealable orders[,] become appealable by virtue of the exceptional circumstances under which they are rendered. In the final analysis, all such orders must satisfy the three requirements of R.C. 2505.02 — that the order affect a substantial right in the action and in effect determine the action and prevent a judgment."

*Mitchell* at ¶ 11, quoting *Eberhardt* at 197-198. *See also Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 50, 613 N.E.2d 1079 (8th Dist.1992).

{¶ 22} The Ohio Supreme Court has recognized an exception to the general rule that a trial court's judgment denying a defendant's motion to dismiss in a criminal case is not a final appealable order. In *State v. Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, the Ohio Supreme Court held that the denial of a motion to dismiss on double-jeopardy grounds was a final order that could be immediately appealed. *Id.* at ¶ 4. The court explained that if the appellant had to wait until after final judgment to challenge the denial of the motion to dismiss, rather than immediately appealing the ruling, he or she would have already lost the protection of the Double Jeopardy Clause. *Id.* at ¶ 55.

{¶ 23} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution protect a defendant from being twice put in jeopardy for the same offense. *In re A.G.*, 148 Ohio St.3d 118, 2016-Ohio-3306, 69 N.E.3d 646, ¶ 8. As acknowledged by the United States Supreme Court and the Ohio Supreme Court,

> [T]he Double Jeopardy Clause protects against three abuses: (1) "a second prosecution for the same offense after acquittal,"(2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*In re A.G.* at ¶ 8, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.

> Retrial for the same offense after reversal of a prior conviction on appeal does not constitute a violation of the constitutional provision prohibiting double jeopardy. *See Foran v. Maxwell*[, 173 Ohio St. 561, 563, 184 N.E.2d 398 (1962)]; *Sutcliffe v. State*[, 18 Ohio St. 469 (1849)]; *United States v. Smith*[, 584 F.2d 759, 761 (6th Cir.1978)], certiorari denied 441 U.S. 922. A reversal of a judgment in a criminal case merely places the state and the defendant in the same position as they were in before trial.

*State v. Liberatore*, 69 Ohio St.2d 583, 591, 433 N.E.2d 561 (1982).

{¶ 24} When a conviction is reversed due to insufficient evidence, however, jeopardy attaches and retrial is barred by double jeopardy.

> Sufficiency of the evidence is a test of adequacy whether the evidence is legally sufficient to sustain a conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 [(1997)]. The Double Jeopardy Clause bars retrial of a defendant for an offense reversed upon a finding that the evidence was legally insufficient to support the conviction. *Id.*, citing *Tibbs v. Florida*, 457 U.S. 31, 47, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

*Cleveland v. Glaros*, 8th Dist. Cuyahoga No. 106732, 2018-Ohio-3058, ¶ 10.

{¶ 25} In the instant matter, appellant's convictions were reversed on appeal due to ineffective assistance of counsel — not insufficient evidence. Accordingly, the Double Jeopardy Clause does not bar a subsequent prosecution for the offenses with which appellant was charged in 2014. *See State v. Walker*, 8th Dist. Cuyahoga No.

74773, 2000 Ohio App. LEXIS 2906 (June 20, 2000) (defendant-appellant was convicted following a first trial, this court reversed the conviction on appeal, finding that defense counsel was ineffective for failing to file a motion to suppress, and the defendant-appellant was convicted following a second trial). Rather, this court's judgment in *Jenkins II* merely placed appellant and the state in the same position they were in before the November 2014 jury trial. Finally, we note that the issue of double jeopardy was not raised, either by appellant or the state, in the trial court.

{¶ 26} For all of these reasons, we find that the issue of double jeopardy does not directly apply in this case. Additionally, we find no basis upon which to conclude that the issue of double jeopardy or the Ohio Supreme Court's holding in *Anderson*, 138 Ohio St.3d 264, 2014-Ohio-542, 6 N.E.3d 23, apply by implication.

{¶ 27} In *State v. Anderson*, 8th Dist. Cuyahoga No. 106304, 2018-Ohio-3051, this court extended the Ohio Supreme Court's *Anderson* rationale to a case that did not directly involve double jeopardy. *Id.* at ¶ 7. The defendant-appellant shot the victim, his girlfriend, in 1996, leaving her in a "persistent vegetative state." *Anderson*, 2018-Ohio-3051, at ¶ 1. The defendant pled guilty to attempted murder in November 1996. Subsequently, in 1998, the victim died as a result of the injuries she sustained from the shooting. Nineteen years later, in March 2017, the state charged the defendant with murder. The defendant filed a motion to dismiss the 2017 indictment, arguing that "the state did not expressly reserve the right to file additional charges on the record at the time of his [1996] guilty plea." *Anderson*, 2018-Ohio-3051, at ¶ 1. The trial court denied the defendant's motion to dismiss,

concluding that "the state did not anticipate the 1996 plea would terminate the entire incident." *Id.*

{¶ 28} On appeal, this court held that although the case did not involve double jeopardy, "the [Ohio Supreme Court's] *Anderson* decision applies by implication." *Anderson*, 2018-Ohio-3051, at ¶ 7.

{¶ 29} Regarding the third prong of the R.C. 2505.02(B) final order analysis, this court explained that absent an interlocutory appeal, the defendant would not be afforded a meaningful remedy:

> "the state cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense and the victim later dies of injuries sustained in the crime, unless the state expressly reserves the right to file additional charges on the record at the time of the defendant's plea."

*Anderson*, 2018-Ohio-3051, at ¶ 8, quoting *State v. Carpenter*, 68 Ohio St.3d 59, 62, 623 N.E.2d 66 (1993). In denying the state's motion to dismiss the appeal for lack of a final order, this court concluded that "[d]enying Anderson the right to an immediate appeal from the denial of his motion to dismiss the indictment and forcing him to stand trial for murder would deprive him of the reasonable expectation that his guilty plea terminated the proceedings against him in this case." *Anderson*, 2018-Ohio-3051, at ¶ 8. Finally, this court emphasized that the only thing that could have changed the defendant's expectation of finality in the 1996 guilty plea was the state's express reservation, made on the record at the time of the guilty plea, of its right to file additional charges, and the state failed to do so, despite the fact that the state knew at the time of the 1996 plea that the victim's persistent

vegetative state would not improve in the future. *Anderson*, 2018-Ohio-3051, at ¶ 9-11.

{¶ 30} In the instant matter, we decline to extend the Ohio Supreme Court's *Anderson* rationale to this case, and we are unable to conclude that the issue of double jeopardy or the Ohio Supreme Court's *Anderson* holding apply by implication based on the procedural history of the case.

{¶ 31} Appellant's motion to dismiss based on preindictment delay is more analogous to a motion to dismiss based on speedy trial grounds than a motion to dismiss based on double jeopardy. In *United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the United States Supreme Court held that a pretrial order denying a defendant's speedy trial claim "is not final in the sense of terminating the criminal proceedings in the trial court," and that unlike an order denying a motion to dismiss based on double jeopardy, "a denial of a motion to dismiss on speedy trial grounds does not represent 'a complete, formal and, in the trial court, a final rejection' of the defendant's [speedy trial] claim." *Id.* at 856-858, quoting *Abney v. United States*, 431 U.S. 651, 659, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The court went on to explain,

> [u]nlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends against the constitutional guarantee of a speedy trial.

*MacDonald* at 861.

{¶ 32} In the instant matter, the trial court's order denying appellant's motion to dismiss based on preindictment delay does not involve an important right that would be lost in the event that appellant has to wait to assert his preindictment delay claim until final judgment is entered in the trial court. *See MacDonald* at 860, citing *Abney* at 658, and *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Like the protection afforded by the Speedy Trial Clause, the protection against preindictment delay afforded by the Due Process Clause of the Fifth Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution does not encompass a "right not to be tried" that must be upheld before trial. Rather, in addition to the statute of limitations for a criminal offense, the protection against preindictment delay afforded by the Fifth Amendment and Article I, Section 16 of the Ohio Constitution protect a defendant against "overly stale criminal charges" where the defendant's due process rights are violated by delay in prosecution because the delay (1) caused actual prejudice to the defendant and (2) the delay was unjustifiable. *State v. Richardson*, 2016-Ohio-5843, 70 N.E.3d 1175, ¶ 8 (8th Dist.), citing *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 97, and *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, at ¶ 12; *see also State v. Gee*, 8th Dist. Cuyahoga Nos. 64410 and 64411, 1994 Ohio App. LEXIS 2391 (June 2, 1994) (the Due Process Clause of the Fourteenth Amendment protects an accused from prejudice caused from an

unjustified delay between the commission of the offense and the indictment for the offense.).

{¶ 33} In *State v. Hatchell*, 8th Dist. Cuyahoga No. 101083, a post-*Anderson* case, the defendant-appellant filed an appeal challenging the trial court's judgment denying his motion to dismiss based on preindictment delay and speedy trial rights. The state filed a motion to dismiss the interlocutory appeal, arguing that the trial court's judgment denying the motion to dismiss was not a final appealable order. The state argued that the *Anderson* exception for motions to dismiss based on double jeopardy did not apply to the defendant-appellant's motion to dismiss based on preindictment delay and speedy trial grounds because the trial court's ruling did not determine the action and the appellant would be afforded a meaningful and effective remedy by filing an appeal following the trial court's final judgment in the case. This court granted the state's motion to dismiss the appeal, concluding, in relevant part,

> [w]hile the trial court order implicated defendant-appellant's constitutional rights to due process and a speedy trial, the fact that constitutional rights are involved does not automatically confer a right to immediate appeal. We agree with the state that even if the court denied the appellant a provisional remedy, appellant will be afforded a meaningful and effective remedy following final judgment.

April 9, 2014 judgment entry, citing *MacDonald*. Furthermore, this court distinguished the *Anderson* exception, concluding that the defendant-appellant's constitutional rights to due process and a speedy trial would not be impaired if the

defendant-appellant could not immediately appeal the trial court's judgment denying the motion to dismiss.

{¶ 34} Regarding R.C. 2505.02(B)(1), the trial court's judgment denying appellant's motion to dismiss based upon preindictment delay is not a final appealable order because it did not determine the action and prevent a judgment. Regarding R.C. 2505.02(B)(4)(b), the issues based upon which appellant argues the motion should have been granted can be fully addressed after final judgment in the criminal proceedings.

{¶ 35} Appellant argues that the trial court erred in denying his motion to dismiss because (1) he was prejudiced by the delay in prosecution, as valuable evidence — the testimony of eyewitness Polivka — was lost, and (2) the preindictment delay was not justifiable. If appellant is convicted, he can file an appeal of the adverse decision on his motion to dismiss, and the preindictment delay issue can be fully addressed on appeal. Accordingly, unlike *Anderson*, 2018-Ohio-3051, at ¶ 8, appellant will not be deprived of a meaningful or effective remedy if he must wait to challenge the trial court's decision until after final judgment. On the other hand, if appellant is acquitted at trial, the adverse ruling on his motion to dismiss would become moot. *See Mitchell*, 8th Dist. Cuyahoga No. 104314, 2017-Ohio-94, at ¶ 12.

{¶ 36} Finally, to the extent that appellant argues that the trial court's judgment is a final appealable order because the trial court (1) exceeded the scope of the remand from *Jenkins II* and *Dickerson II* by holding a hearing on the issue of

preindictment delay, and (2) violated the law-of-the-case doctrine in concluding that appellant and Dickerson failed to demonstrate prejudicial preindictment delay, we disagree.

{¶ 37} First, regarding the scope of the remand, appellant argues that this court's judgment in *Jenkins II* reversing the convictions and remanding the matter for further proceedings consistent with the opinion "was a directive to the trial court to dismiss this prosecution." Appellant's supplemental brief at 2. As such, appellant argues that by holding a hearing on the issue of preindictment delay, rather than dismissing the case, the trial court ignored this court's directive and exceeded the scope of the remand. We disagree.

{¶ 38} The *Jenkins II* court reversed appellant's convictions and remanded the matter "for further proceedings consistent with this opinion." *Jenkins II* at ¶ 46. The *Dickerson II* court reversed Dickerson's convictions, but did not specify the scope of the remand. *Dickerson II* at ¶ 64.[5] In the event that this court intended to vacate the convictions and/or dismiss the indictment in *Jenkins II* and *Dickerson II*, it could have incorporated explicit language or instructions to this effect in the opinions. However, this court did not do so.

{¶ 39} Second, regarding the law-of-the-case doctrine, we emphasize that the issue of preindictment delay was analyzed and resolved in *Jenkins II* in the

_____

[5] Unlike *Dickerson II*, in which this court "*reversed*" Dickerson's convictions, the *Dickerson I* court "*vacated*" Dickerson's convictions and remanded the case to the trial court with instructions to "vacate [Dickerson's] conviction[s]." (Emphasis added.) *Id.* at ¶ 54-55.

context of appellant's claim for ineffective assistance of counsel, not on the merits of appellant's due process and prejudicial preindictment delay claim. This court emphasized that appellant's claim that his trial counsel was ineffective for failing to file a motion to dismiss based on preindictment delay, and appellant's claim that the trial court committed plain error by failing to dismiss the case for preindictment delay "require the application of different standards of review." *Jenkins II* at ¶ 27.

{¶ 40} In order to establish a claim for ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance at trial was seriously flawed and deficient, falling below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

{¶ 41} On the other hand, due process claims based on preindictment delay are analyzed under the burden-shifting framework established by the Ohio Supreme Court in *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, at ¶ 13.

> Under this framework, the defendant bears the initial burden of presenting evidence of actual prejudice. [*Jones* at *id.*] "Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Jones* at ¶ 13, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998); *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, [at] ¶ 99. Thus, if the defendant fails to establish actual prejudice, the court is not required to consider the reasons for the delay. *Adams* at ¶ 107.

*State v. Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-1246, ¶ 34.

{¶ 42} In *Jenkins II*, this court concluded, "[b]ecause we find that *Jenkins's trial counsel was ineffective* for failing to file a timely motion to dismiss based on preindictment delay, his conviction is reversed." (Emphasis added.) *Id.* at ¶ 45. In *Dickerson II*, this court concluded, "*counsel was deficient* for not timely filing the motion to dismiss and *that there was a reasonable probability that it would have been granted had it been timely filed.*" (Emphasis added.) *Dickerson II* at ¶ 63.

{¶ 43} Because the *Jenkins II* and *Dickerson II* decisions were based on an application of the two-part *Strickland* test for ineffective assistance of counsel claims, we find no merit to appellant's argument that the trial court violated the law-of-the-case doctrine in holding a hearing on the issue of preindictment delay, applying the burden-shifting framework established in *Jones*, and concluding that appellant and Dickerson failed to meet their burden of demonstrating prejudicial preindictment delay.

{¶ 44} For all of the foregoing reasons, we find that the trial court's judgment denying appellant's motion to dismiss based on preindictment delay is not a final appealable order under R.C. 2505.02(B). Accordingly, we lack jurisdiction to entertain the merits of the appeal.

{¶ 45} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR