[Cite as *State v. Jones*, 2026-Ohio-1447.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2026-A-0016** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ODRAYE G. JONES a.k.a. MALIK ALLAH-U-AKBAR, | Trial Court No. 1997 CR 00221 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 22, 2026
Judgment: Appeal dismissed

*Dave Yost,* Ohio Attorney General*, Kara Keating, Daniel Kasaris, and Erik Spitzer,* Special Prosecutors, 30 E. Broad Street, 23rd Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Odraye G. Jones,* pro se, Ashtabula County Jail, 25 W. Jefferson Street, Jefferson, OH 44047 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}     Appellant, Odraye G. Jones ("Jones"), filed the instant pro se appeal on April 6, 2026. Jones seeks to appeal from a March 13, 2026 judgment entry denying Jones's February 12, 2026 Motion to Dismiss Second Specification and his Supplemental Motion to Dismiss Second Specification filed on March 3, 2026.  On April 9, 2026, appellee, the State of Ohio ("State"), filed a motion to strike the notice of appeal. Neither Jones nor his trial counsel filed a response in opposition to the State's motion.

{¶2}     Subsequently, on April 21, 2026, the State filed a motion for emergency stay of trial court proceedings while this appeal is pending. We note that the Ashtabula County

Court of Common Pleas is scheduled to empanel a jury for the resentencing phase in the underlying case on April 23, 2026, where Jones is represented by counsel.

{¶3} Upon review of the notice of appeal and the judgment entry at issue, we conclude, sua sponte, that this court is without jurisdiction to consider this appeal.

{¶4} Since this court may only entertain those appeals from final judgments, we must determine whether there is a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). A trial court's judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. Ohio Const., art. IV, § 3(B)(2); *Radic v. Sternadel*, 2025-Ohio-4527, ¶ 2 (11th Dist.). If a lower court's judgment is not final, then this court does not have jurisdiction to review the case, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} R.C. 2505.02(B) defines a "final order" and sets forth nine categories of appealable judgments, and if a trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In this case, the April 2, 2026 judgment entry being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶6} The March 13, 2026 entry does not constitute a final order under R.C. 2505.02(B). A ruling denying a motion to dismiss the indictment including specifications within the indictment is an interlocutory order that does not constitute a final, appealable order. *State v. Mitchell*, 2017-Ohio-94, ¶ 11 (8th Dist.); *State v. Crawley*, 96 Ohio App.3d 149, 155 (12th Dist. 1994), citing *State v. Hawkins*, 30 Ohio App.3d 259, 260 (8th Dist. 1986).

{¶7} Here, the trial court denied Jones's request to dismiss the death penalty specifications of the indictment. Such ruling is interlocutory and does not determine the

Case No. 2026-A-0016

action, prevent a judgment, or affect a substantial right in a manner that would foreclose appropriate relief in a subsequent appeal. As the challenged entry neither disposes of the case nor fits within any statutory category of a final, appealable order, it remains an interlocutory ruling over which this court lacks jurisdiction. In the absence of a final order, the appeal must be dismissed.

{¶8} Accordingly, this appeal is dismissed for lack of jurisdiction. Furthermore, all pending motions are overruled as moot.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-A-0016

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed for lack of jurisdiction. All pending motions are overruled as moot.

Costs to be taxed against Appellant.

The Clerk of Courts is hereby instructed to serve a copy of this entry to the following:

1.  Appellant, Ashtabula County Jail, 25 W. Jefferson St. Jefferson, Ohio 44047;

2.  Trial counsel, Attorney Donald J. Malarcik, 121 S. Main St., Suite 520, Akron, OH 44308 and The Ashtabula County Public Defender's Office, 22 East Jefferson St., Jefferson, OH 44047;

3.  The Ashtabula County Prosecutor's Office, 25 W. Jefferson St., Jefferson, Ohio 44047;

4.  Special Prosecutors, Attys. Kara Keating, Daniel Kasaris, and Erik Spitzer, 30 E. Broad Street, 23rd Floor Columbus, Ohio 43215; and

5.  Judge David A. Schroeder, Chambers.

_____
JUDGE ROBERT J. PATTON

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-A-0016